**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 17-83-DLB**

**JASON LEE MULLIKIN**                                                                        **PLAINTIFF**

**VS.**                          **MEMORANDUM OPINION AND ORDER**

**JUDGE STOCKTON B. WOOD**                                        **DEFENDANT**

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff Jason Lee Mullikin is a resident of Maysville, Kentucky. Mullikin has filed an original and supplemental *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983. (Docs. # 1 and 6). This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In 2009, Mullikin was convicted in Maysville, Kentucky, on numerous charges including first-degree wanton endangerment, second-degree burglary, third-degree assault, and third-degree terroristic threatening. Apparently, Mullikin had become paranoid that his new next-door neighbor was plotting to harm him, had killed his cat, and was attempting to poison his water. In an effort to deter him, Mullikin attacked the man from behind, and then ran into the neighbor's home, grabbing a samurai sword and swinging it at his neighbor and another man, while threatening to kill the latter. After a second competency evaluation concluded that he was fit to stand trial in the ensuing

criminal prosecution, Mullikin reached an agreement to plead guilty and accepted a ten-year sentence. Judge Stockton Wood of the Mason County Circuit Court presided over those proceedings. *See Mullikan v. Commonwealth*, 341 S.W.3d 99, 101-102 (Ky. 2011); *Mullikin v. Thompson*, No. 2:11-cv-149-WOB-JGW (E.D. Ky. July 18, 2012).

In his original complaint in this action, Mullikin alleged, without explanation, that sometime before February 2017, Judge Wood must have authorized the placement of malware on his smartphone "to turn his phone into a listening device and to thwart and spoof phone calls, internet searches," and to hack his social media accounts. (Doc. # 1 at 2). In his supplemental complaint, Mullikin alleges that he attempted to upload to his Facebook page "a video showing a foot and a half long block of concrete that someone attempted to throw on top of me while I slept," but that the upload was not successful, something he attributes to malware on his smartphone. (Doc. # 6 at 2, 4). He also attributes to malware his reported inability to make phone calls to federal law-enforcement agencies to report "local corruption." *Id.* at 4. Mullikin's only allegations regarding Judge Wood are that he is a local circuit court judge, and "[i]f Wood benefits" from embezzlement in the county, "his motive for allowing the use of the spyware was avoiding his own arrest." *Id.* at 2-4.[1]

In both his original and supplemental complaint, Mullikin alleges that Judge Wood has violated his First Amendment right to free speech and assembly, as well as his Fourth Amendment right against unreasonable search and seizure. (Docs. # 1 at 4; # 6 at 5).

---

1 In a separate letter to the Court, Mullikin blankly alleges that "... a man named Brad Jackson ... has taken out lines of credit in my name." (Doc. # 9). Mullikin does not explain who Mr. Jackson is in his letter. However, Jackson was one of 62 defendants Mullikin sued in 2011, claiming that he was an "informant" for the Maysville Police Department in matters related to the criminal prosecution against him. *Mullikin v. Rice, et al.*, No. 2:10-cv-294-WOB (E.D. Ky. 2010).

A federal district court has the authority to dismiss any complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

Although unclear, the Court liberally construes Mullikin's *pro se* complaint and assumes that such alleged conduct involves Judge Wood because Plaintiff alleges that "authorized" the placement of software on Mullikin's phone. (Doc. # 1 at 2). Such conduct, however, is part of a judicial procedure, either an application for a warrant or some other means. *See* (Doc. # 6 at 3) (Plaintiff also engaging in similar conjecture that his allegations are related to a search warrant, or the absence thereof.) Even assuming, as the complaint alleges, that Judge Wood authorized the placement of software on Mullikin's phone, that act falls within the scope of absolute judicial immunity.

A judge is entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, "judicial immunity is not overcome by allegations of bad faith or malice ..." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). And "[i]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982). Mullikin's allegation that Judge Wood "authorized" the placement of this software involves conduct undertaken as an officer of the Mason County Circuit Court. Accordingly, *sua sponte* dismissal under *Apple v. Glenn* is appropriate. *See Metzenbaum v. Nugent*, 55 F. App'x 729 (6th Cir.2003) (affirming district court's *sua sponte* dismissal of complaint under *Apple v. Glenn* because the named defendant, a judge, was entitled

to absolute judicial immunity); *see also Forbush v. Zaleski*, 20 F. App'x 481 (6th Cir. 2001) (same).

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiff Jason Lee Mullikin's original and supplemental complaints (Docs. # 1 and 6) are **DISMISSED**, with prejudice;

(2) This matter is **STRICKEN** from the Court's active docket; and

(3) A separate Judgment will be entered contemporaneously herwith.

This 17th day of January, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Mullikin 17-83-DLB Memorandum RBW.docx

4